UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JAMIE COLE,

        Plaintiff,

v.                                                             Case No. 15-CV-01142

KENOSHA UNIFIED SCHOOL DISTRICT
(Board of Education),

        Defendant.

## ANSWER AND AFFIRMATIVE DEFENSES

**NOW COMES** the Defendant, Kenosha Unified School District, by its attorney, Kristofor L. Hanson, of Lindner & Marsack, S.C., and as and for an Answer to the Complaint pleads as follows:

1.    Admits only that the Plaintiff purports to bring claims against Defendant on the bases alleged in paragraph 1, and denies any violations of the laws cited in said paragraph or any other violation of law.

2.    Admits.

3.    Admits.

4.    Admits.

5.    Admits.

6.    Admits only that Plaintiff filed EEOC charges that she purports form the bases for this litigation, and denies any violation of law.

7. Admits.[1]

8. Admits.

9. Admits.

10. Admits.

11. Upon information and belief, admits.

12. Admits.

13. Admits.

14. Admits.

15. Admits.

16. Admits.

17. Admits.

18. Admits.

19. Admits only that Plaintiff was informed that she was going to be reassigned to a special education teaching position, which she selected, due to budget cuts, and avers that Plaintiff was facing layoff. Answering further, denies the remaining allegations therein.

20. Admits only that Plaintiff was moved from a social studies teaching position at Lincoln Middle School and avers that Plaintiff was facing layoff due to budget cuts. Answering further, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies the same.

21. Denies.

---

[1] In response to the unnumbered paragraph preceding paragraph 7 of the Complaint, Defendant realleges and incorporates herein its Answer and Affirmative Defenses filed in Eastern Dist. of Wis. Case No. 14-CV-1546.

22. Admits only that Plaintiff's selected a special education position at Indian Trail High School and Academy and avers that this selection was made based upon Plaintiff's teaching licenses and seniority. Answering further, denies the remaining allegations therein.

23. Admits.

24. Admits only that it did not reassign Plaintiff to a regular education class and denies the remaining allegations.

25. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

26. Admits only that Plaintiff was placed on a paid, 30-day administrative leave and denies the remaining allegations.

27. Denies.

28. Admits only that Plaintiff, at one time, asked for a different Local Education Agency representative and denies the remaining allegations.

29. Admits and avers that upon Plaintiff's request for a change in LEA representative in 2012, Defendant did not make that change and denies the remaining allegations.

30. Admits only that Plaintiff reiterated the accommodation requests identified and denies the remaining allegations.

31. Admits.

32. Admits only that Cole disclosed to Defendant that she was under treatment for major depression. Answering further, denies the remaining allegations therein.

33. Specifically denies the statement attributed to Ms. Glass and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein and, therefore, denies the same.

3

34. Admits only that Plaintiff submitted medical documentation and an ADA Accommodation to Defendant on December 18, 2012. Answering further, denies the remaining allegations therein.

35. Admits only that Mr. Kupka sent Plaintiff a letter dated December 20, 2012, which informed Plaintiff that Defendant could not accommodate Plaintiff's requests at the time. Answering further, denies the remaining allegations therein.

36. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

37. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

38. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

39. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

40. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein and, therefore, denies the same.

41. Admits only that Jim Lucchesi submitted a letter to Defendant dated January 8, 2013, which did not include a request for transfer to a regular education class. Answering further, denies the remaining allegations therein.

42. Admits only that Plaintiff returned to work on January 16, 2013. Answering further, avers that Plaintiff was reasonably accommodated by Defendant and she was not reassigned to a regular education teaching position.

43. Denies the allegations therein.

44. Denies the allegations therein.

45. Denies the allegations therein.

46. Admits only that it did not reassign Plaintiff to a regular education teaching position. Answering further, denies the remaining allegations therein and affirmatively avers that reassignment to a regular education teaching position was not a reasonable accommodation.

47. Admits.

48. Admits only that Plaintiff has requested a transfer to a regular education teaching position at various times during 2013 and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies the same.

49. Denies.

50. Admits.

51. Admits only that Plaintiff requested placement in a psychology teaching position and denies that there was an open psychology teaching position and the remaining allegations.

52. Admits that it did not place Plaintiff into a psychology teaching position.

53. Admits.

54. Denies.

55. Admits that Plaintiff had the requisite licensure for an Instructional Coach position and denies the remaining allegations therein, specifically denies that Plaintiff made a timely inquiry about the position.

56. Admits only that Plaintiff was not placed into an Instructional Coach position and denies the remaining allegations.

57. Admits and avers only that Knight requested Plaintiff attend a meeting and denies the remaining allegations.

58. Admits only that Plaintiff informed human resources that she wanted union representation at the meeting and denies the remaining allegations.

59. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

60. Denies.

61. Denies.

62. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

63. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

64. Admits only that Cole did not seek a regular education or administrative position during the meeting and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies the same.

65. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

66. Admits only that it did not provide Plaintiff with a regular education or administrative position and denies the remaining allegations.

67. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

68. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

69. Admits that Plaintiff has the necessary license to teach social studies and that she has taught social studies for it in the past, but denies the remaining allegations therein.

6

70. Admits.

71. Admits.

72. Admits.

73. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same. Avers that Plaintiff did not apply for the position, which was a promotion to administration.

74. Admits the allegations and avers that Plaintiff did not apply for the position, which was a promotion to administration.

75. Admits only that the position was awarded to a colleague of Plaintiff's, and denies the remaining allegations. Avers that Plaintiff did not apply for the position, which was a promotion to administration.

76. Admits.

77. Admits only that Plaintiff was referred to WECAN for open positions and denies the remaining allegations.

78. Denies.

79. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

80. Denies.

81. Denies.

82. Denies that Cole was assaulted, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies the same.

83. Admits and avers that Cole has requested a transfer to a regular education position on multiple occasions and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, denies the same.

84. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same. Answering further, avers that Plaintiff has been offered regular education opportunities on multiple occasions.

85. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

86. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

87. Denies.

88. Admits only that Plaintiff has been directed at times to communicate through counsel concerning claims made in her multiple pending EEOC charges and federal lawsuits and denies that "any" discussion be so conducted. Answering further, lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

89. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

90. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the same.

91. Denies.

92. Denies.

93. Denies.

8

94. Denies.

95. Denies.

96. (Incorrectly numbered as paragraph 47) Denies.

97. (Incorrectly numbered as paragraph 48) Denies.

98. (Incorrectly numbered as paragraph 49) Denies.

99. (Incorrectly numbered as paragraph 50) Admits that Plaintiff has demanded trial by jury.

## AFFIRMATIVE DEFENSES

1. That Plaintiff failed to state a claim upon which relief can be granted.

2. That any and all actions taken by Defendant were based on legitimate, non-discriminatory and non-retaliatory reasons.

3. That Defendant, at all relevant times, acted in good faith and had reasonable grounds to believe that its acts and/or omissions were not violative of the ADA and/or Rehabilitation Act.

4. That Plaintiff's Complaint, in whole or in part, is barred by the equitable claims of laches, estoppel, waiver, and unclean hands.

5. That Defendant has reasonably accommodated Plaintiff.

6. That Plaintiff did not satisfy conditions precedent to suit.

7. That Plaintiff's Complaint contains allegations beyond the scope of the underlying EEOC charges.

8. That Plaintiff's allegations are barred by the applicable statute of limitations.

9. That Plaintiff is barred from any relief or remedy due to a failure to exhaust administrative remedies with respect to her claims.

10. That Plaintiff is not entitled to recovery of compensatory damages, if any, on her claims of retaliation, to the extent so claimed, pursuant to *Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961 (7th Cir. 2004).

11. That Plaintiff is not entitled to punitive damages, to the extent so claimed.

12. That Plaintiff's claims are subject to all limitations on recovery of damages as set forth under applicable federal law.

13. That Plaintiff failed to mitigate her damages, if any.

14. Defendant reserves the right to add additional affirmative defenses as discovery continues.

WHEREFORE, Defendant requests that the complaint be dismissed in its entirety and that judgment be entered in favor of Defendant, Kenosha Unified School District, with prejudice and with full judgment costs and disbursements taxable herein.

Dated this 20th day of November 2015.

Respectfully submitted,

LINDNER & MARSACK, S.C.

/s/ Kristofor L. Hanson
Kristofor L. Hanson
State Bar No.: 1055122
Attorneys for the Defendant, Kenosha Unified School District
Lindner & Marsack, S.C.
411 East Wisconsin Avenue, Suite 1800
Milwaukee, WI 53202-4498
Phone: (414) 273-3910
Fax: (414) 273-0522
khanson@lindner-marsack.com